UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. COPENHAVER,

        Plaintiff,

vs.

JACK CAULEY CHEVROLET, INC. and
GENERAL MOTORS CORPORATION,

        Defendants.

_____/

Civil Action No.
07-CV-11670

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER GRANTING IN PART THE MOTION OF
DEFENDANT JACK CAULEY CHEVROLET, INC. FOR SUMMARY JUDGMENT
AND REMANDING STATE LAW CLAIMS TO STATE COURT**

This matter is presently before the court on the motion of defendant Jack Cauley Chevrolet, Inc. ("Cauley") for summary judgment [docket entry 40]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide defendant's motion without oral argument. For the reasons stated below, the court shall grant the motion as to plaintiff's Age Discrimination in Employment Act ("ADEA") claim and remand the remaining claims to the state court from which the case was removed.

This is an employment discrimination case. Plaintiff Michael J. Copenhaver worked for defendant Cauley as a car salesman from 1994 until he was discharged in October 2006. *See* Am. Cmplt. ¶¶ 10, 30. Plaintiff alleges he was discharged shortly after a customer complained to officials at General Motors ("GM") about the level of service plaintiff had provided. Plaintiff believes Cauley discharged him "because of pressure by GM and Cauley's desire to maintain a good dealer relationship with GM improperly and/or because Copenhaver's age" [sic]. *Id.* ¶ 33.

Plaintiff's complaint, which was filed in Oakland Circuit Court, and his amended complaint consist of four counts. Count I asserts a tortious interference claim against GM. Count II asserts an ADEA claim against Cauley. Count III asserts an age discrimination claim against Cauley

under Michigan's Elliott-Larsen Civil Rights Act. And Count IV asserts a civil conspiracy claim against both defendants. Cauley, with GM's consent, removed the case based on the federal question raised in Count II.

In its motion for summary judgment, Cauley argues among other things that plaintiff's ADEA claim fails because plaintiff never filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff concedes this failure but argues that Cauley has waived this "procedural defect" by not seeking dismissal on this basis more promptly. *See* Pltf's Response Br. at 20. Plaintiff relies on a single case, *Pietras v. Bd. of Fire Comm'rs*, 180 F.3d 468, 474 (2nd Cir. 1999), for its statement that a plaintiff's failure to obtain a right-to-sue letter "is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court."

Plaintiff's reliance on *Pietras* is misplaced. In *Pietras* the court noted that "Title VII requires that plaintiffs file timely a charge with EEOC," *id.* at 473, and that the plaintiff in that case "made a diligent effort to obtain a notice-of-right-to-sue letter from the EEOC and was denied one on the erroneous basis that she was not an employee . . ." *Id.* at 474. The right-to-sue letter was absent in that case because of an error committed by the EEOC, not because plaintiff failed to file an administrative charge. In the present case, by contrast, plaintiff concedes that he never filed the required administrative charge. Moreover, while *Pietras* supports the proposition that the *court* may waive the requirement concerning the obtainment of a right-to-sue letter, the case says nothing about the circumstances under which a *party* may be deemed to have done so.

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). *See also Railey v. Webb*, 540 F.3d 393, 399 (6th Cir. 2008) (same). Plaintiff has not shown that Cauley has intentionally relinquished or abandoned its defense that plaintiff failed to exhaust his administrative remedies before filing suit. Indeed, the facts show the opposite. Cauley's third and fourth affirmative defenses, filed together with its answer to the

2

complaint [docket entry 4] on April 18, 2007, five days after the case was removed, are, respectively, that "Plaintiff has failed to exhaust his mandatory administrative remedies" and that "Plaintiff has not satisfied all conditions precedent to the filing of a claim under 29 USC § 621 *et seq.* as Plaintiff has failed to file a Charge of Discrimination . . . and has failed to act upon the Equal Employment Opportunity Commission's statutory notice of the right to sue."  On May 22, 2007, one month after answering the complaint, Cauley specifically asked plaintiff in an interrogatory whether he had ever filed a complaint or charge against an employer with any governmental agency, including the EEOC or the Michigan Department of Civil Rights (to which plaintiff responded "no"). *See* Cauley's Interrogatory 8 and plaintiff's answer thereto [docket entry 9, Exs. A and C].  When plaintiff amended his complaint on March 3, 2008, Cauley filed its answer and affirmative defenses two days later [docket entry 35], and again asserted the third and fourth affirmative defenses quoted above.  Under these circumstances, it cannot be said that Cauley has waived its "failure to exhaust" defense.  To the contrary, Cauley has asserted the defense repeatedly from the inception of the case.  Plaintiff cites no authority for the proposition, and the court is aware of none, that Cauley waived the defense by not seeking dismissal on this basis at some earlier point in the litigation.

The Sixth Circuit has held consistently, in accordance with *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982), that the timely filing of an administrative charge with the EEOC is a required precondition to filing suit under Title VII or the ADEA.  If a plaintiff fails to comply with this precondition, and if the failure is not excused by application of waiver, estoppel or equitable tolling principles, the complaint is subject to dismissal.  In *Hoover v. Timken Co.*, 30 Fed.Appx. 511, 513 (6th Cir. 2002), the court summarized the law as follows:

> To exhaust administrative remedies under the ADA or ADEA, a plaintiff must file an EEOC charge within 180 days of the alleged discrimination (or with the state agency within 300 days). See 29 U.S.C. § 626(d); 42 U.S.C. §§ 12117(a) and 2000e-5(e)(1); *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (ADA), *cert. denied*, 533 U.S. 951, 121 S.Ct. 2594, 150 L.Ed.2d 752 (2001). Once the EEOC

> dismisses the charge and issues a right-to-sue letter, the plaintiff has ninety days to file a civil action. See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1). **Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of an ADA or ADEA action.** See *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (Title VII); *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979) (ADEA).

(Emphasis added.) *See also Sabouri v. Ohio Dept. of Educ.*, 1998 WL 57337, at *1 (6th Cir. Feb. 2, 1998) (affirming dismissal of plaintiff's ADEA claim because he did not file a timely charge with the EEOC); *Carmel v. Sun Refining & Mktg. Co.*, 1991 WL 71399, at *4 (6th Cir. May 2, 1991) (affirming dismissal of plaintiff's ADEA claim because she failed to go first to the EEOC and offered no "credible explanation" for the failure); *Galloway v. Clermont County Dept. of Human Servs.*, 2005 WL 1892389, at *2 (S.D. Ohio Aug. 8, 2005) (dismissing ADEA claim because plaintiff did not go first to the EEOC and she alleged no facts suggesting that equitable tolling applied); *Damron v. Yellow Freight Sys., Inc.*, 18 F. Supp.2d 812, 824 (E.D. Tenn. 1998) (ADEA claim dismissed because plaintiff did not file a timely charge with the EEOC); *James v. General Motors Corp.*, 1995 WL 871221, at *2 (E.D. Mich. Oct. 24, 1995) (same).

In the present case, plaintiff failed to file a charge of discrimination with the EEOC prior to commencing suit. He has offered no explanation for this failure. Nor does he suggest that this failure should be excused under estoppel or equitable tolling principles. Plaintiff's only argument is that defendant has waived the "failure to exhaust administrative remedies" defense. As noted above, this argument is manifestly unconvincing, as defendant has asserted the defense repeatedly. Accordingly, the court shall grant summary judgment for defendant Cauley on plaintiff's ADEA claim.

The sole basis for this court's jurisdiction is the ADEA claim. Plaintiff's other claims (tortious interference, Elliott-Larsen, and civil conspiracy) arise exclusively under state law. When, as here, the federal claim that provided the jurisdictional basis for removal has been decided, the court may, and in fact should, decline to exercise supplemental jurisdiction over the remaining state law claims. *See*

28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Bishop v. Oakstone Acad.*, 2007 WL 1541361 (6th Cir. May 23, 2007); *Lee v. Detroit Med. Ctr.*, 2006 WL 1522022 (E.D. Mich. May 30, 2006). Accordingly, the court shall remand Counts I, III and IV to Oakland Circuit Court.

For the reasons stated above,

IT IS ORDERED that defendant Cauley's motion for summary judgment is granted as to Count II of the complaint (plaintiff's ADEA claim).

IT IS FURTHER ORDERED that plaintiff's remaining claims (Counts I, III and IV) are remanded to the Circuit Court for the County of Oakland, State of Michigan.

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 29, 2008
       Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager to Chief Judge Friedman